## Callander, Appellant, *v.* Callander.

*Divorce—Adultery—Evidence—Insufficiency.*

In an action for divorce on the ground of adultery a decree is properly refused, where the evidence of the respondent's guilt, while affording ground for suspicion, was not sufficient to warrant the granting of the divorce.

It is well established in Pennsylvania that divorces are not to be granted save for the very cause alleged in the libel in that proceeding and clearly established by evidence. The evidence may, it is true, be entirely circumstantial, but the circumstances must be such as to warrant the finding of a fact. It is not sufficient that the circumstances merely afford ground for reasonable suspicion, which might properly lead to further investigation.

Argued May 1, 1923. Appeal, No. 118, April T., 1923, by libellant, from decree of C. P. Allegheny Co., Jan. T., 1922, No. 2061, dismissing libel in divorce in the case of Frank S. Callander v. Fanny B. Callander. Before

14, (1923).]   Statement of Facts—Opinion of the Court.
PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-
THROP, JJ.   Affirmed.

Libel in divorce.   Before STONE, J.

The case was referred to James H. Duff, Esq., as
master, who recommended that a divorce be granted on
the ground of adultery.

On exceptions to the master's report, the court sus-
tained the exceptions and dismissed the libel.   Libellant
appealed.

*Error assigned* was the decree of the court.

*William A. Wilson,* of *Calvert, Thompson & Wilson,*
for appellant.

*Thomas M. Marshall, Jr.,* and with him *Thomas M.
Marshall,* for appellee.

OPINION BY PORTER, J., October 5, 1923:

The libel in this case averred that the libellant was
entitled to a divorce upon two grounds: (1) cruel and
barbarous treatment and indignities to the person and
(2) the adultery of the respondent.   The master found
that the evidence was not sufficient to establish the right
of the libellant to a divorce upon the first ground alleged
in the libel, and this finding has not been seriously chal-
lenged either here or in the court below.   The master
found that the respondent had been guilty of adultery
with Dr. B. H. Jones and recommended that a decree
of divorce be granted upon that ground.   The respondent
filed exceptions to this finding of the master, which ex-
ceptions the court below, in an opinion carefully review-
ing the testimony, sustained and entered a decree denying
the prayer of the libel and refusing to grant a divorce;
in effect dismissing the libel.   The respondent had in
her answer averred that, even if she had been guilty of
adultery the libellant was not entitled to a divorce for

the reason that he had been guilty of a like offense, but there was no testimony to support this allegation of the answer. The only question argued upon this appeal was whether the evidence was such as to require a finding that the respondent had been guilty of adultery and the entry of a decree of divorce in accordance with that finding.

It is well established in Pennsylvania that divorces are not to be granted save for the very cause alleged in the libel in that proceeding and clearly established by evidence. The evidence may, it is true, be entirely circumstantial, but the circumstances must be such as to warrant the finding of a fact. It is not sufficient that the circumstances merely afford ground for reasonable suspicion, which might properly lead to further investigation. There can be no profit in the present case in reviewing the details of the testimony. It may be conceded that the testimony is such as to give ground for belief that if proper investigation had been made at the time the events referred to occurred facts might have been disclosed which would have established the misconduct of the respondent. But the testimony presented established nothing more than reasonable grounds for suspicion of such misconduct; it was inadequate, under the authority of our cases, to warrant the entry of a decree of divorce upon the ground of the adultery of the respondent.

The decree is affirmed.